The defendant further contends that certain instructions given to the jury by the trial court which the defendant refers to as the first and second *Allen* charges (*see Allen v United States*, 164 US 492 [1896]) were erroneous. The defendant's contention that the first of these two jury instructions improperly suggested that a finding of guilt as to one of the two defendants would be sufficient to support a verdict of guilt as to both defendants is unpreserved for appellate review and, in any event, is without merit. Contrary to the defendant's further contention, neither of the challenged jury instructions was coercive. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WRIGHT, Appellant. [954 NYS2d 499]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Florio, Hall and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WRIGHT, Appellant. [954 NYS2d 495]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHIRLEY X.S., Appellant, v FORREST R., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Nonparty Respondent. [954 NYS2d 483]—